UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MTISHA JACKSON                                                                              PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 3:15CV257-TSL-RHW

ASHFORD UNIVERSITY                                                                   DEFENDANT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This *pro se* case is before the Court for *sua sponte* consideration of dismissal.  Plaintiff Mtisha Jackson filed her complaint and accompanying motion for leave to proceed *in forma pauperis* (IFP) on April 6, 2015.  Doc. [1] & [2].  The civil cover sheet describes Plaintiff's cause of action as "claim to receive degree of study in criminal justice and social certificate financial aide." Doc. [1-1].  In the document filed as a complaint, Plaintiff states that Michelle Kong of Ashford University enrolled Plaintiff in online criminal justice classes.  Kong later talked with Plaintiff to see how she was coming along with her studies and informed Plaintiff that once she finishes with her studies she will receive a certificate of criminal justice and social degree from Ashford University.  Doc. [1].

On April 23, 2015, the undersigned entered an order explaining to Plaintiff that Rule 8, FED.R.CIV.P., requires that a pleading stating a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  Doc. [3].  Plaintiff was further cautioned that failure to comply with the Court's order may result in the dismissal of her lawsuit.  The order directed Plaintiff to file an amended complaint by May 11, 2015, to provide this essential information.  *Id.*  Plaintiff has not filed an amended complaint.

Under 28 U.S.C. § 1915(a), the Court may allow a plaintiff to proceed without the

prepayment of fees.  However, the court must "dismiss [an IFP] case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994).  Under the statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face."  *Jones v. McDuffie*, 539 F.App'x 435 (5th Cir. 2013)(per curiam)(internal quotation marks omitted).

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

By order entered on May 14, 2015, the undersigned granted Plaintiff's motion to proceed IFP.  Doc. [4].  This makes her complaint subject to *sua sponte* dismissal under § 1915.  After carefully reviewing the complaint the undersigned is unable to determine the factual

circumstances giving rise to Jackson's claim, the legal basis for her claim, the type of relief she is seeking or even whether the Court has jurisdiction. "The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, Coldwater & Lake Mich. Ry. v. Swan*, 111 U.S. 379, 382 (1884)). Federal courts are courts of limited jurisdiction and must dismiss an action, *sua sponte*, if jurisdiction is lacking. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED.R.CIV.P. 12(h)(3). Review of Plaintiff's complaint reveals no federal claims, nor does the complaint contain any allegation indicating jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 might be present.

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that this case be dismissed *sua sponte* for failure to state a claim upon which relief may be granted, and/or for lack of subject matter jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, a party has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within 14 days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 14th day of May, 2015.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE